HARDY, Judge.
This is an appeal taken by Herman-F. Wadley from a judgment rejecting his. opposition to the homologation of the Tableau of Distribution filed by Mrs. Lucille Williams, Dative Testamentary Exec *345 utrix of the Succession of William Edmond Nugent, deceased.
Opponent asserted a claim of $1,000 allegedly representing the balance due on an agreement of dissolution of a commercial partnership theretofore existing between himself and decedent, and further claims in the principal sums of $370 and $190 allegedly due on account to the firms of Leg-gett & Platt, Inc. and International Spring Corporation, respectively.
As the basis of his claims opponent alleged that on and prior to March 26, 1957, he and William E. Nugent were engaged in the operation of two commercial partnership enterprises known as the Sure Sleeper Mattress Company and the 3 Way Trading Post; that on or about March 26, 1957, the said partners, Nugent and Wadley, agreed and effected a final dissolution of their partnership ventures under the terms of which agreement Wadley conveyed his one-half interest in the business known as 3 Way Trading Post to the said Nugent in consideration of the conveyance of Nu-gent’s one-half interest in the business of the Sure Sleeper Mattress Company, together with the further agreement on the part of Nugent to pay Wadley the sum of $3,500 and to assume all outstanding debts of the partnership in connection with the operation of both of the named enterprises. The opponent, Wadley, contends that he received $2,500 in cash at the time of the confection of the agreement of dissolution and that Nugent obligated himself to pay the balance of $1,000 on or before December 1, 1957; that the asserted balance of $1,000 was not paid prior to the death of Nugent, which occurred on July 30, 1957, and that the partnership debts due Leggett & Platt, Inc., in the sum of $370 and International Spring Corporation in the sum of $190, on account of goods and merchandise received by the partnership, were not paid in accordance with the agreement above noted. Opponent prayed that his claims be recognized to the extent set forth and that the executrix be ordered to place the said obligations upon her Tableau of Distribution and in due course to make payment thereof.
The executrix admitted the existence of the partnership and the dissolution thereof, but denied liability for any balance of the principal consideration on the ground that such cqnsideration was fixed by agreement of the parties in the sum of $2,500, which sum had been paid. The executrix further denied liability of the estate for the indebtedness due Leggett & Platt, Inc. and the International Spring Corporation.
It is obvious that the sole issue presented involves the factual question as to the consideration upon which the agreement of dissolution of the partnership between Wadley and Nugent was based.
Concededly, the burden of establishing the asserted agreement rests upon the opponent. In his written opinion the district judge carefully analyzed the testimony of the several witnesses who were called by the parties and reached the conclusion that the opponent had failed to establish his claims by a preponderance of the evidence. With this conclusion we are in accord for the reasons which we hereinafter recapitulate as briefly as possible.
Chief support for opponent’s claim rests upon his own testimony, which was that the agreement of dissolution was reached at a conference with Nugent on or about March 26, 1957, in the presence of a Mrs. Davis, an employee of the partnership, and a Mr. McCarty, a TV repairman who maintained a shop on the partnership premises. The two named witnesses corroborated Wadley’s testimony as to the terms of the agreement, namely, payment of $2,-500, which was made by check at the time, a promise to pay an additional $1,000 at a later date, and the agreement to assume the partnership debts. Despite the fact that all of these witnesses testified that no other party was present at the time, a Mrs. Hendrix, also an employee of the partnership, testified on behalf of the executrix that she was present at the time of the *346 agreement of dissolution and that neither Mrs. Davis nor Mr. McCarty were present.
The weight of the testimony on the basis of the witnesses above named would appear to substantially preponderate in favor of opponent. However, our examination of the record has disclosed certain material contradictions and inconsistencies in the testimony of the opponent which, in our opinion, must be accorded considerable weight. As to the partnership obligations which opponent claims were assumed by the decedent, Wadley testified that the decedent had actually made one or more payments thereon prior to his death and that the obligations represented partnership debts. It was conclusively established on trial of the opposition, and is admitted by counsel for opponent in brief, that only the sum of $71.10 of the indebtedness to Leggett & Platt, Inc., represented a partnership obligation, the balance of the account being for goods delivered, after the partnership dissolution, to the Sure Sleeper Mattress Company, which was then entirely owned by Wadley. Despite his testimony as to payments made by the decedent, opponent failed to produce any corroboration, which was easily available. The accounts of the creditors named did not show any such credits, and the making of the alleged payments was positively denied by the witness Hinton, who was the decedent’s bookkeeper. We think this patent failure of corroboration and the implied controversion of opponent’s testimony in this respect is more than sufficient to justify the conclusion that he has failed to establish these claims.
With respect to the alleged indebtedness of $1,000 as balance due on the consideration for the partnership dissolution and settlement, there is serious question as to the validity and effect of opponent’s testimony. First, it must be noted that, in his testimony, Wadley denied ever having any conversation with Mr. L. E. Nugent, a brother of the decedent who was assisting in the conduct of his brother’s business during the period of his last illness. After the testimony of L. E. Nugent as to such a discussion, in which Wadley fixed the balance due on the partnership purchase as being $500, the opponent attempted to explain the incident by claiming a misunderstanding. A somewhat similar circumstance was narrated in the testimony of counsel for the executrix, who testified that Wadley had approached him with reference to a claim for a balance of $500 and the payment of outstanding accounts. Counsel’s recollection was reinforced by the making of a written memorandum note at the time of his conference with Wadley. Despite opponent’s denial and, again, his assertion of a misunderstanding, considerable weight must be attached to counsel’s testimony.
On the whole, our consideration and evaluation of the testimony of the witnesses has served to convince us of the correctness of the conclusion reached by our learned brother of the district court, and, certainly, we find no justification for a finding of error therein.
 There is one point which, in our opinion, requires somewhat further consideration from an equitable point of view. While the effect of our conclusion rejects opponent’s theory of the assumption of payment of the two items of indebtedness to partnership creditors by the decedent, it is, nonetheless, clear that these debts constituted partnership obligations, at least to the extent of the balance of $71.10 to Leggett & Platt, Inc. and $191 to International Spring Corporation. While the obligations of each of the partners is solidary as to the creditors, the obligation of the partners, inter sese, would be measured in equal proportions. We think it follows that the rights of the opponent should be protected as to his claim against the executrix of decedent’s estate to the extent of one-half of the partnership obligations, in the amounts above noted.
*347 For the reasons assigned the judgment appealed from is amended by ordering Mrs. Lucille Nugent Williams to recognize and place upon the Tableau of Distribution of the Estate of William Edmond Nugent, deceased, the amounts due the partnership creditors, Leggett & Platt, Inc., and International Spring Corporation, to the extent of one-half of the total thereof.
As amended the judgment appealed from is affirmed. Costs of this appeal are assessed against appellee.